**Jess BICKELL, Plaintiff in Error,**

v.

**Norma J. AUSTIN, Administratrix of the Estate of Charles F. Austin, deceased, Defendant in Error.**

No. 42545.

Court of Appeals of Oklahoma
Division No. 90.

Dec. 23, 1969.

Paul E. Garrison, Tulsa, for plaintiff in error.

Robert E. Martin, Tulsa, for defendant in error.

MILLS, Judge.

This is an appeal from a refusal of the Trial Judge to permit amendments to a pleading. The plaintiff in error will be referred to herein as the defendant. The defendant in error was plaintiff in the Trial Court and will be referred to as Administratrix or plaintiff. She was the Administratrix of the Estate of her dead husband, Charles F. Austin.

The defendant and decedent Austin had been engaged, under contracts between them, in the sand-blasting, cleaning and painting of oil tanks and equipment. Defendant had over a period of time loaned the decedent valuable equipment, which decedent had used in his work. Decedent died February 2, 1965, and soon thereafter, plaintiff was appointed administratrix of his Estate. On June 6, 1966, she filed suit against defendant to recover the sum of over $4000, alleged to be the balance due on a contract between defendant and decedent. Defendant filed his answer, containing a cross-petition, June 14, 1966. In this answer defendant alleged that he had at considerable cost, completed the contract, which decedent had not done, and asked for credit for this expense. He also charged that he had loaned decedent a compressor, a truck, miscellaneous tools and other equipment, all of substantial value, and that when decedent died this loaned personal property had been taken by the Administratrix into her possession. That defendant had demanded of her that she return the property, but that she had refused to do so, but had converted it to her own use and benefit and to his damage in an alleged amount. He further pled that when all credits had been allowed him, including the value of the property converted, he, the defendant would be entitled to judgment against plaintiff for $501.08.

To this answer plaintiff replied denying the allegations and also pleading that defendant's claims were barred by the Statute of Limitation.

When the case was called for trial February 23, 1967, defendant's attorney orally moved to amend his answer and cross-petition, and thereby to allege that decedent, and not the administratrix, had converted the compressor, one of the pieces of loaned machinery. It had a value of $2500. The plaintiff objected. The Trial Judge refused to allow the amendment on the ground that this was an attempt to state an entirely new cause of action, and also one which was barred by the Statute of Limitations. At the conclusion of all the evidence the defendant's attorney moved that the pleadings be amended to conform with the proof. This was denied. The Judge instructed the jury that the matter of the compressor was not for their consideration.

The Statute 12 O.S.1961, sec. 317, confers the authority on a Trial Judge to allow amendments for the promotion of justice, but that right is limited by the requirement that the amendment does not substantially change the cause of action amended. Morris v. Leverett, Okl., 434 P.2d 912. Up to the day of the trial the Administratrix had been charged personally with the conversion of this machinery. She had prepared her defense accordingly.

A wife is not, ipso facto, liable for her husband's torts. 32 O.S.1961, sec. 9. The defendant, himself, testified that she did not convert this particular piece of machinery. That he knew that decedent had disposed of it. No evidence was offered, at the trial, that plaintiff had converted the compressor. McJunkin v. Hancock, 71 Okl. 257, 176 P. 740.

Deceased died February 2, 1965. The conversion had occurred some time prior to that date. The first time that the charge was offered or made in this case that the decedent was the one who had converted the compressor was on February 23, 1967,

the day of trial. The Statute of Limitations applying to an action of Trover for Conversion of personal property is two years, 12 O.S.1961, sec. 95 (third). The statute begins to run at the time of the conversion. Williams v. Harper Bros. etc., Okl., 276 P.2d 217.

The proposed amendment, if allowed, would have changed, substantially, the cause of action in the cross-petition, and would have pled a claim barred by the Statute of Limitations.

No error was committed by the Trial Judge.

Affirmed.

BERRY, P. J., and HARRIS, J., concur.